George **BELLAMY** et al., Members of the Monroe County Election Commission, Appellants,

v.

James P. **KENNEDY**, County Judge, and Monroe County, Tennessee, Appellees.

Supreme Court of Tennessee.

Feb. 20, 1973.

———◆———

Kinnard & Wilson, Madisonville, for appellants.

Robert J. Pennington, Lee & Pennington, Madisonville, for appellees.

## OPINION

CHATTIN, Justice.

Appellants, George Bellamy, Dee Ervin and James C. Hitch, three of the five members of the Monroe County Election Commission, filed this complaint in behalf of the Commission and themselves individually for a declaratory judgment.

The complaint sought a declaration that the County acting through the County Judge, James P. Kennedy, had illegally refused to compensate appellants. Appellants, also, sought a money judgment equal to the compensation which they contend they were entitled.

Appellees filed an answer in which they denied appellants were entitled to compensation; and that the County Judge had not acted illegally in refusing to issue warrants on the County for compensation to them as Commissioners.

The Chancellor heard the matter upon the complaint, the exhibits thereto and the answer. He found for the appellees and dismissed the complaint.

Appellants assign as error the action of the Chancellor in denying a money judgment against appellees. We overrule the assignment.

The Commission was composed of three Democrats and two Republicans. The facts are not in dispute. The County Court of Monroe County appropriated in its budget for the fiscal year July 1, 1970, through June 30, 1971, $3,000.00 as compensation for the Commissioners. The appropriation provided that $1,500.00 was for the "Republican Party" and $1,500.00 for the "Democratic Party."

The election commissioners met and voted to divide the money equally: that is, the three Democratic members should each receive $500.00 and the two Republican members $750.00 each.

Counsel for the Commission wrote the County Judge a letter informing him of the action taken by the Commission.

In response the County Judge stated the County Court appropriated $1,500.00 for one member of the Democratic Party and $1,500.00 for one member of the Republican Party.

The County Judge further stated he was sending a warrant for $1,500.00 to Mrs. Dixie Smith, a Democratic Election Commissioner, and a warrant to M. E. Cagle for $1,500.00, the Republican Commissioner. Thus, two of the Commissioners received the total appropriation.

There is filed as an exhibit in the record a statement by nine members of the Monroe County Court filed with the County Judge on April 30, 1971, that they had

agreed to approve a resolution to appropriate $1,500.00 for compensation of one election commissioner from each party for services performed from June 1, 1970, through November, 1970.

T.C.A. Section 2–1006 was in effect at the time the appropriation was made but has since been repealed. The Section provides:

"Said Commissioners shall serve without compensation in connection with national, state and county elections provided that the county court of each county shall have the right to appropriate out of the county revenue such amount, if any, as it deems said commissioners of elections are entitled to."

We are of the opinion the appropriation was illegal and void ab initio. This being true, appellants have no standing to maintain this action against the County or County Judge to recover their alleged share of the appropriation.

Obviously, T.C.A. Section 2–1006 gave the County Court the discretionary power of determining whether all the Commissioners should be compensated. It cannot be read as giving the County Court the discretionary power of determining which, if any, will be compensated.

The Chancellor correctly stated;

"This is a case of first impression as far as interpretation of this statute; nevertheless, it is apparent to this court that the wording states 'commissioners' and does not state one or more of commissioners. Such wording appears to include all of the commissioners as indicated above, and does not leave it to the discretion of the county court to compensate some and deny others."

Clearly, the attempt to compensate one Republican and one Democrat is beyond the authority of the statute.

Likewise, it is beyond the authority of the statute for the County Court to compensate the Commissioners on an unequal basis of $1,500.00 for the Democratic members and $1,500.00 for the Republican members; that is, in effect, $500.00 for each Democrat and $750.00 for each Republican.

We think T.C.A. Section 2–1006 gave the County Court the discretion to either compensate the members on an equal basis or not at all.

However, we do not mean to say the County Court could not have provided that each Commissioner be compensated upon some basis such as an hourly rate thereby resulting in the Commissioners receiving different amounts of compensation.

The statute did not give the County Court the arbitrary power of compensating the Commissioners by different rates.

Without a valid appropriation, appellants cannot maintain this claim for compensation since they have no statutory right for compensation.

We should note the Chancellor suggested the two Commissioners who received all the appropriation "would be subject to pay over to his fellow Commissioners a pro rata portion of the compensation which they have received."

The decree of the Chancellor is affirmed. Appellants will pay the costs.

DYER, C. J., HUMPHREYS and McCANLESS, JJ., and WILSON, Special Justice, concur.